**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Commissioner of Social Services, as Designee for H. Venture, Interstate Child Support Investigator o/b/o Sasha G. Hendricks,<br><br>                        Petitioner,<br><br>      -v-<br><br>Dujohn P. Hendricks,<br><br>                       Respondent. | 2:26-cv-03293 (NJC) (JMW) |

## ORDER OF REMAND

NUSRAT J. CHOUDHURY, United States District Judge:

On June 1, 2026, pro se Respondent Dujohn P. Hendricks filed a Notice of Removal together with a motion to proceed *in forma pauperis* ("IFP") seeking to remove to this Court a Petition for Violation of Support Order (the "State Court Petition") pending in the Family Court of the State of New York, Nassau County ("State Court") under Docket No. U-04776-20/26G. (Not. Removal ¶ 1, ECF No. 1; IFP Mot., ECF No. 2.) The Court grants the IFP motion for the limited purpose of this Order of Remand and, for the following reasons, remands the Petition to the State Court.

## LEGAL STANDARDS

### I.      Removal Requirements

Removal of a state court case to federal court is governed by 28 U.S.C. § 1441(a), which provides as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the

district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added). Further, 28 U.S.C. § 1446 governs the procedure for removal and requires that a notice of removal "shall be filed within 30 days after receipt by the defendant . . . of a copy of the initial pleading . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a); *BP P.L.C. v. Mayor & City Council of Baltimore*, 593 U.S. 230, 238 (2021) ("To remove a case, a defendant must comply with 28 U.S.C. § 1446."). "A party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011).

## II.    Subject Matter Jurisdiction

This Court has an independent obligation to determine whether subject matter jurisdiction exists over this case. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). If a district court lacks subject matter jurisdiction, it must dismiss the action. *See Doe v. McDonald*, 128 F.4th 379, 384 (2d Cir. 2025); Fed. R. Civ. P. 12(h)(3). "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and district courts "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617–18 (2d Cir. 2019) (quotation marks omitted).

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity among the plaintiffs and defendants and that the amount in controversy exceeds $75,000. *See Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020). In determining the citizenship of a party, the following standards apply.

"An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," or in other words, "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019). Allegations of "residence alone [are] insufficient to establish domicile for jurisdictional purposes." *Id.* at 54; *accord RainMakers Partners LLC v. NewSpring Cap., LLC*, No. 23-cv-899, 2024 WL 1846321, at *2 n.1 (2d Cir. Apr. 29, 2024) ("[A] complaint that alleges that the plaintiff and defendant are merely residents of different states has failed adequately to allege the existence of diversity jurisdiction."). In order to determine an individual's domicile, courts consider numerous factors, which include:

> current residence; voting registration; driver's license and automobile registration; location of brokerage and bank accounts; membership in fraternal organizations, churches, and other associations; places of employment or business; . . . payment of taxes; . . . whether a person owns or rents his place of residence; the nature of the residence (i.e., how permanent the living arrangement appears); . . . and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc.

*Lever v. Lyons*, No. 16-cv-5130, 2021 WL 302648, at *7 (E.D.N.Y. Jan. 28, 2021) (citations omitted); *see also Lawrence Moskowitz CLU Ltd. v. ALP, Inc.*, 830 F. App'x 50, 51 (2d Cir. 2020) ("[T]he determination of domicile considers factors such as voting, taxes, property, bank accounts, places of business or employment.") (citation omitted).

The second requirement of diversity jurisdiction—an amount in controversy of at least $75,000—is equally important. "[A party] invoking federal [diversity] jurisdiction must

demonstrate a 'reasonable probability' that the amount-in-controversy requirement is satisfied."

*Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 223 (2d Cir. 2017) (citation omitted). The

Second Circuit "recognize[s] a rebuttable presumption that the face of the complaint is a good

faith representation of the actual amount in controversy." *Id.* The amount in controversy alleged

must be plausible, *i.e.*, supported by factual allegations in the complaint. *Wood v. Maguire*

*Automotive, LLC*, 508 F. App'x 65, 65 (2d Cir. 2013) (affirming dismissal of complaint for lack

of subject matter jurisdiction where the complaint's allegation "of $75,000 in controversy is

conclusory and not entitled to a presumption of truth"). "[I]f the jurisdictional amount is not

clearly alleged in the . . . complaint, and the defendant's notice of removal fails to allege facts

adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal

courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court."

*Lupo v. Hum. Aff. Int'l Inc.*, 28 F.3d 269, 273–74 (2d Cir. 1994).

## DISCUSSION

This case is remanded to State Court for four independent reasons, any one of which is

sufficient to support remand to State Court.

First, Hendricks has not demonstrated that he timely removed this action to federal court.

The State Court action was initiated on April 27, 2026. (ECF No. 1 at 8.) However, Hendricks

filed the Notice of Removal 35 days later on June 1, 2026. (*See generally id*.) Because Hendricks

does not identify *when* he received a copy of the State Court Petition or was served with this

document or the summons, this Court is unable to determine whether Hendricks filed the Notice

of Removal within the 30-day window as required under 28 U.S.C. § 1446(b). *See* 28 U.S.C. §

1446(b)(2)(B) ("Each defendant shall have *30 days after receipt by or service on* that defendant

of the initial pleading or summons . . . to file the notice of removal.").

Second, Hendricks has failed to meet his burden of demonstrating that this Court has subject matter jurisdiction. According to the Notice of Removal, Hendricks removed this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 1 at 2.) However, neither the Notice of Removal nor the underlying State Court Petition alleges the citizenship of any party. (*See* ECF No. 1 *generally*). Although the Notice of Removal generally alleges that Hendricks *resides* in Great Neck, New York, it does not address his *domicile*. (*Id*.) As a result, the operative documents do not establish Hendricks' citizenship because "residence alone is insufficient to establish domicile for jurisdictional purposes." *Van Buskirk*, 935 F.3d at 54; *accord Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[I]t is well-established that allegations of residency alone cannot establish citizenship . . . ."). Moreover, the Notice of Removal entirely fails to address the citizenship of Petitioner, the Commissioner of Social Services, as required to establish complete diversity of the parties.

Moreover, there is no basis to find that the amount-in-controversy threshold for diversity jurisdiction under 28 U.S.C. § 1332 is satisfied. Indeed, the State Court Petition alleges that Hendricks "failed to obey the order of support since 8/15/25, [and] [] is in arrears in the sum of $13,572.38." (ECF No. 1 at 7.) Thus, the sum sought in the State Court Petition is well below the statutory amount. The Notice of Removal does not contain any additional information to suggest that the amount in controversy exceeds $75,000. Moreover, there is no basis to conclude that this Court has federal question jurisdiction under 28 U.S.C. § 1331.[1]

---

[1] The Court has also considered whether federal question subject matter jurisdiction may be invoked pursuant to 28 U.S.C. § 1331. Under this statute, the federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, because the Petition seeks to enforce a State Court child support order, it does not present a federal question.

Third, even if Hendricks properly invokes the Court's subject matter jurisdiction, and he does not, this Court would be divested of subject matter jurisdiction under the domestic relations abstention doctrine. Domestic relations is "an area of law that federal courts and Congress leave almost exclusively to state law and state courts." *Khalid v. Sessions*, 904 F.3d 129, 133 (2d Cir. 2018); *see also Demuth v. Chenango Cnty. Dept. of Soc. Servs.*, No. 18-cv-0767, 2018 WL 5114175, at *3 (N.D.N.Y. Aug. 30, 2018), *report and recommendation adopted sub nom.*, *Demuth v. Chenango Cnty. Dept. of Soc. Servs.*, No. 18-cv-0767, 2018 WL 5113132 (N.D.N.Y. Oct. 19, 2018) ("There exists, however, a judicially recognized exception to federal subject matter jurisdiction in matters involving domestic relations.") (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 701–704 (1992) (add'l citation omitted)); *Sekou Camera v. New York City Dep't of Soc. Servs.,* 2024 WL 4107256, at *2 (E.D.N.Y. Sept. 5, 2024) (citing *In re Burrus*, 136 U.S 586, 593–94) ("[T]he whole subject of the domestic relations . . . belongs to the laws of the States and not to the laws of the United States."). Under the domestic relations abstention doctrine, cases involving child support generally remain outside federal court jurisdiction. *See, e.g.*, *Bey v. Furman*, No. 21-cv-04090, 2021 WL 3725987, at *4 (E.D.N.Y. Aug. 23, 2021) (abstaining from exercising subject matter jurisdiction over claims challenging plaintiff's duty to pay child support under the domestic relations abstention doctrine); *Lions v. New York State Off. of Child Support Enf't*, No. 1:24-cv-7181, 2025 WL 81421, at *6 (S.D.N.Y. Jan. 10, 2025) ("Here, Plaintiff's challenge to the amount of his child support obligations falls squarely within the domestic relations doctrine."); *Sekou*, 2024 WL 4107256 at *2 ("[F]ederal courts must abstain from exercising federal question jurisdiction over claims involving relations issues such as child support." (quoting *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990))).

Fourth, given that the underlying State Court action is ongoing,[2] this Court must abstain from exercising jurisdiction under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013). The *Younger* abstention doctrine requires federal courts to abstain from exercising jurisdiction over claims when adjudication of those claims would interfere with any one of three types of state-level proceedings that present "exceptional circumstances": (1) "ongoing state criminal prosecutions"; (2) state "civil enforcement proceedings" that are "akin to criminal prosecutions"; and (3) proceedings that are "uniquely in furtherance of the state courts' ability to perform their judicial functions," including "enforcing the orders and judgments of its courts." *Sprint*, 571 U.S at 72–73, 78 (defining the scope of *Younger* abstention). After applying this categorical approach, courts consider three additional, non-dispositive factors to determine whether *Younger* abstention is appropriate: (1) whether there is a "pending state proceeding," (2) whether that proceeding "implicates an important state interest," and (3) whether "the state proceeding affords an adequate opportunity for judicial review of . . . federal constitutional claims." *Falco v. Justs. of Matrim. Parts of Sup. Ct. of Suffolk Cnty.*, 805 F.3d 425, 427 (2d Cir. 2015) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982)); *see, e.g., Lowell v. Vermont Dep't of Child. & Fams.*, 835 F. App'x 637, 639 (2d Cir. 2020), *as amended* (Dec. 15, 2020) (describing the *Younger/Sprint* abstention analysis) (summary order). "[E]ven if *Younger*'s prerequisites are satisfied, a federal court may exercise jurisdiction if the plaintiff can make a

---

[2] The Notice of Removal includes a "Summons (Violation of Support Order) (Virtual)" to Hendricks that ordered his virtual presence on June 1, 2026 for a "Preliminary Proceeding and Willfulness Finding." (ECF No. 1 at 19.) Thus, the State Court action is ongoing. The Court notes that the Notice of Removal was also filed on that same date, June 1, 2026, in an apparent attempt to delay those proceedings.

showing of 'bad faith, harassment or any other unusual circumstance that would call for equitable relief.'" *Lowell*, 835 F. App'x at 639 (quoting *Younger*, 401 U.S. at 54). Courts in this Circuit have found that *Younger* abstention applies to state court actions involving child support issues. *See, e.g., Cogswell v. Rodriguez*, 304 F. Supp. 2d 350, 357 (E.D.N.Y. 2004) (applying the *Younger* abstention doctrine to dismiss claims which arose from "pending state court proceedings involving child support.") (citation omitted); *Tomczyk v. New York Unified Ct. Sys.*, No. 19-cv-2753, 2019 WL 2437849, at *3 (E.D.N.Y. June 10, 2019) ("[T]his Court abstains under *Younger* from interfering in Plaintiff's ongoing state-court proceedings, involving divorce and child support issues and 'implicat[ing] a State's interest in enforcing the orders and judgments of its courts.'" (citing *Sprint*, 571 U.S. at 72–73 (2013))).

"[A]ny doubts should be resolved against removability 'out of respect for the limited jurisdiction of the federal courts and the rights of states.'" *Baum v. Brown*, No. 22-CV-3415 (CS), 2022 WL 2315072, at *1 (S.D.N.Y. June 28, 2022) (quoting *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007)). Accordingly, the Petition is remanded to the State Court for the reasons explained above.

## CONCLUSION

Accordingly, Hendricks' motion to proceed IFP is granted for the limited purpose of this Order of Remand and, for the reasons set forth above, this action is remanded to State Court pursuant to 42 U.S.C. § 1447(c) because Hendricks has failed to show that he timely removed this action as required by 28 U.S.C. § 1446(b) and that this Court has subject matter jurisdiction. The Clerk of the Court shall: (1) mail a certified copy of this Order of Remand to the Clerk of the Family Court of the State of New York, Nassau County, pursuant to 42 U.S.C. § 1447(c); (2) close this case; and, (3) pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve

notice of entry of this Order of Remand upon all parties as provided in Rule 5(b) of the Federal

Rules of Civil Procedure and record such service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order of

Remand would not be taken in good faith and therefore IFP status is denied for the purpose of

any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
      June 24, 2026

                          */s/ Nusrat J. Choudhury*
                          NUSRAT J. CHOUDHURY
                          United States District Judge